IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | No. CR-18-290-C |
| | ) | CIV-20-732-C |
| ANTOINE JAMAR DEAN, | ) | |
| | ) | |
| Defendant | ) | |

<u>MEMORANDUM OPINION AND ORDER</u>

Defendant has filed a Motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence.   In his Motion, Defendant claims his counsel was ineffective and/or that the guideline range was calculated incorrectly.

Defendant's ineffective assistance of counsel claim raises four points:  first, that his attorney failed to properly investigate the case, thereby allowing Defendant to be charged with more drugs than could be proven; second, in advising him to plead guilty to an Information, thereby allowing Plaintiff to avoid presenting its case to the Grand Jury; third, in violating Defendant's Fifth Amendment rights by compelling him to be a witness against himself; and fourth, by permitting Defendant to enter into a plea agreement that forced him to plead guilty to matters that Plaintiff could not have proven at trial.

To prevail on an ineffective assistance of counsel claim, Defendant must demonstrate that his defense counsel performed deficiently and that the performance prejudiced the petitioner.  See <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).  In this matter, where Defendant pleaded guilty, he must also demonstrate that "'there is a

reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir. 2001) (citation and emphasis omitted).

Defendant's ineffective assistance claims are premised on little more than unsupported allegations and conclusory statements. Thus, his claims fail on that basis alone. See United States v. Fisher, 38 F.3d 1144, 1147 (10th Cir. 1994) (Conclusory allegations are insufficient to support an ineffective assistance of counsel claim.). Defendant's claim also fails on the merits, as he has offered no evidence or argument suggesting that absent the alleged ineffectiveness of counsel he would have elected to proceed to trial. Indeed, this seems highly unlikely because, as a result of the actions of Defendant's counsel, his guideline range was substantially reduced. Defendant argues that the range was inflated based on allegations that could not be proven at trial, namely that he was responsible for 100 ounces. As explained by Defendant's counsel in his affidavit refuting the allegations of ineffective assistance, cocaine base had been recovered from Defendant in sufficient quantity that he faced a guideline range of 5 to 40 years. As Defendant's counsel further explained, that, coupled with the real risk that the Court would at sentencing find credible evidence supported 100 ounces, made the negotiated plea of 140 to 175 months clearly the best option for Defendant. It is clear that Defendant agreed, as he accepted this agreement in entering his guilty plea. Accordingly, Defendant has failed to demonstrate his counsel was ineffective.

Defendant's argument that his guideline range was calculated improperly fails as that range was based on an agreement between Defendant, his counsel, and the government and approved by the Court.   That agreement substantially reduced the calculated guideline range of 235-293 months.   Thus, Defendant has failed to demonstrate error in the imposition of his sentence.   Further, Defendant failed to file a direct appeal of his sentence; thus, his challenges are now procedurally barred.   "'[Section] 2255 is not available to test the legality of matters which should have been raised on appeal.'"   United States v. Walling, 982 F.2d 447, 448 (10th Cir. 1992) (quoting United States v. Khan, 835 F.2d 749, 753 (10th Cir. 1987)).   Thus, absent a demonstration of cause and prejudice or a miscarriage of justice, Defendant is barred from raising them now.   See United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994):

> When a defendant fails to challenge his sentence on direct appeal but subsequently attempts to do so under § 2255, the courts may take one of several courses of action.   First, if the government raises procedural bar, the courts must enforce it and hold the defendant's claims procedurally barred unless cause and prejudice or a miscarriage of justice is shown.

Defendant has offered no argument or evidence on the cause/prejudice or miscarriage of justice issue.   Therefore, the Court finds his challenges to the manner in which his sentence was determined to be procedurally barred.

Because a decision can be made on basis of the record before the Court, no hearing is necessary on Defendant's arguments regarding ineffective assistance of counsel.   See

United States v. Mota, Nos. 11-40047-09-JAR, 13-4130-JAR, 2014 WL 2772924, *2 (D. Kan., June 19, 2014).

Defendant filed a Motion for extension of time and appointment of counsel on November 5, 2020.   Before the Court issued an Order, Defendant submitted a letter that appears to address the arguments he wishes to raise in reply.   The Court has considered those arguments in reaching the conclusions set forth herein.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (Dkt. Nos. 44, 1) is DENIED.   Defendant's Motion for extension (Dkt. No. 55) (is MOOT. A separate judgment will issue.

IT IS SO ORDERED this 9th day of December, 2020.

ROBIN J. CAUTHRON
United States District Judge